## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN GUZMAN MORALES, | ) |
| | ) |
| Petitioner, | ) |
| v. | )     Case No. CIV-26-587-SLP |
| | ) |
| MARKWAYNE MULLIN, et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Roman Guzman Morales, a noncitizen, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] Chief United States District Judge Scott L. Palk referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.[2] The Government responded, Doc. 15, and Petitioner replied, Doc. 16. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business

---

[1]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and procedural history.

Petitioner is a citizen of Mexico who has been in Immigration & Customs Enforcement (ICE) custody since December 2025 after ICE came to his home to arrest him. Doc. 1, at 10, 17. Petitioner maintains that he entered the United States without inspection on or about December 14, 2004. *Id.* He is the father of three children, a biological son and two stepchildren, all of whom are United States citizens. *Id.* He has never been arrested, charged with, or convicted of any criminal offense. *Id.* at 17.

In February 2024, ICE placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a by issuing a Notice to Appear (NTA). Doc. 15, Ex. 3. The Department of Homeland Security (DHS) charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act (INA) as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id.*

## II.    Petitioner's claims.

Petitioner raises five grounds for relief:

Ground One: Violation of the Immigration and Nationality Act (INA);

2

Ground Two: ICE and the Executive Office for Immigration Review (EOIR) violated their own regulations and procedures by detaining Petitioner without a bond hearing;

Ground Three: Violation of the Fourth Amendment;

Ground Four: Violation of the retroactivity doctrine; and

Ground Five: Violation of the Due Process Clause of the Fifth Amendment.

Doc. 1, at 59-62. At bottom, he argues that he is not subject to mandatory detention under § 1225(b)(2) and his continued detention in Respondents' custody violates the INA and his due process rights. *Id.*

Petitioner asks this Court to issue an order directing Respondents to show cause why the petition should not be granted within three days[3]; issue a writ of habeas corpus requiring that Respondents release him immediately, or in the alternative, provide him with a bond hearing before a neutral Immigration Judge (IJ) pursuant to 8 U.S.C. § 1226(a) within three days; and enter an order declaring that all citizens who enter without inspection and who are "encountered in the interior long after their entry" are entitled a bond

---

[3]   The Court addressed Petitioner's request for an order to show cause when it ordered Respondents to respond to the petition, *see* Doc. 10.

3

hearing before a neutral adjudicator. *Id.* at 62. He also seeks attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.*

## III.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"When called on to resolve a dispute over a statute's meaning," the Court should "seek[] to afford the [statute's] terms their ordinary meaning at the time Congress adopted them" and to "exhaust all the textual and structural clues bearing on the meaning." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (internal quotation marks omitted). This Court's "'sole function' is to apply the law as the Court finds it, . . . not defer to some conflicting reading the government might advance." *Id.* (internal citation omitted); *see also Oklahoma v. U.S. Dep't of Health & Hum. Servs.*, 107 F.4th 1209, 1222 n.11 (10th Cir.

2024) (stating that the court "must independently interpret the statutory phrase irrespective of the parties' positions"), *judgment vacated on other grounds*, 145 S. Ct. 2837 (2025).

## IV.    Discussion.

### A.    Section 1226 governs Petitioner's detention.

Petitioner asserts that Respondents violated the INA by detaining him without a bond hearing. Doc. 1, at 13. He argues that he is detained pursuant to 8 U.S.C. § 1226(a) which does not authorize "indefinite[]" detention without a bond hearing. *Id.* at 18. Respondents maintain that he is detained under 8 U.S.C. § 1225(b)(2)(A). Doc. 15, at 18-26. The undersigned agrees with Petitioner and determines he is detained pursuant to § 1226(a) and entitled to a bond hearing.

This Court has compared §§ 1225 and 1226 and decided noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g.*, *Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3-7 (W.D. Okla. Jan. 20, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026). The Court should reach the same result in this case.

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and

"'[n]oncitizens 'seeking admission' are those who have not effected an entry into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra,* 2025 3187432, at *3 (D.N.M. Nov. 14, 2025)). Petitioner effected entry into the country over two decades ago, so he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. Numerous Judges in this District have held likewise. *See Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 (W.D. Okla. Jan. 13, 2026) ("The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention."); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025) ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a)."); *Escarcega v. Olson,* No. CIV-25-1129-J, 2025 WL 3243438, at *2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of § 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the border.") (internal quotation marks and alterations omitted).[4] As well as determining that if "all 'applicants for admission' are also

---

[4]      *Cunha v. Freden,* 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this

'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega*, 2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)).

When Petitioner was detained after residing in the country for over twenty years, he was not subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is subject to § 1226, and "is entitled to a prompt bond hearing before an immigration judge pursuant to § 1226(a)." *Cortes*, 2026 WL 147435, at *7 (W.D. Okla. Jan. 20, 2026).

Petitioner has been unlawfully detained since December 5, 2025, *see* Doc. 1, at 17, without the bond hearing he is entitled to by law. Petitioner's initial release reflects a determination by DHS that he posed neither a flight risk nor

---

question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (holding § 1225 applied to the petitioner's detention); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2026) (same); *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (applying § 1225 to a similar habeas challenge); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (same).

a danger to the community. *See* Doc. 15, Ex. 1, at 1 (Feb. 1, 2024 Order of Release on Recognizance); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025) ("Ms. Salcedo Aceros was released in accordance with . . . § 1226 of the [INA] and the applicable provisions of Title 8 of the Code of Federal Regulations. Under federal regulation, DHS was authorized to release her under § 1226 only upon a determination that such release would not pose a danger to property or persons and that she was likely to appear for any future proceeding.") (alteration omitted) (internal citation and quotation marks omitted) (citing 8 C.F.R. § 1236.1(c)(8)).

Normally, at a bond hearing authorized under § 1226(a), the noncitizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Given Petitioner's prolonged detention under the incorrect statute, the Court should order Petitioner is entitled to an individualized bond hearing at which the government bears the burden of proof in this context. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)); *Ortiz Donis v. Chestnut*, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025) (finding the government is required to bear the burden for justifying re-detention because the government initiates re-detention proceedings after previously

8

determining the noncitizen is not a flight risk or danger). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has now been detained without a bond hearing for over five months, depriving him of a core liberty interest.

Under these circumstances, at any bond hearing, the government ought to bear the burden of proving that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. And the clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well. *See L.G.*, 744 F. Supp. 3d at 1186 (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979)).

The undersigned therefore recommends the Court grant Petitioner's habeas petition on Grounds One, Two, and Five.

### B.    The Court should decline to address the merits of Petitioner's remaining claims.

Given the undersigned's recommendation as to the disposition of Petitioner's claim for relief under the INA and its accompanying regulations, the undersigned recommends the Court refrain from addressing the merits of

Petitioner's remaining claims (Grounds Three and Four).[5] The Court can grant him the relief he seeks under § 1226(a). *See Cortes*, 2026 WL 147435, at *7 ("The Court declines to decide the merits of such claim and Petitioner may renew such a claim if he is not provided with a bond hearing or released within seven days of this Order.").

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas application, in part, and **order Respondents to provide him with an individualized bond hearing before a neutral IJ under 8 U.S.C. § 1226(a) where the Government must establish by clear and convincing evidence that Petitioner poses a danger to the community or is a flight risk within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned recommends that the Court order Respondents certify compliance by filing a status report within five**

---

[5]    Petitioner raises a warrantless arrest claim, *see* Doc. 1, at 60, and seeks immediate release as the remedy. The undersigned declines to make a dispositive recommendation on the merits of Petitioner's claim, as explained above, but notes that Respondents provided the Court with a copy of the warrant issued on the day of Petitioner's arrest, s*ee* Doc. 15, Ex. 6, at 1.

**business days of the Court's order.**[6] The undersigned further recommends the Court order that Counsel for Respondents provide a copy of the Court's order to Counsel for the Warden of the Diamondback Correctional Facility without delay.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 11, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United*

---

[6]     To the extent that Petitioner may be entitled to EAJA fees and costs as a prevailing party, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention").

[7]     Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

*States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

 **ENTERED** this 7th day of May, 2026.


         SUZANNE MITCHELL
         UNITED STATES MAGISTRATE JUDGE