**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROMAN GUZMAN MORALES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-26-587-SLP |
| MARKWAYNE MULLIN, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Petitioner, an immigration detainee, filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2241.  Petitioner has been detained, without a bond hearing, pursuant to 8 U.S.C. § 1225(b)(2)(A).  Petitioner claims his detention under § 1225(b)(2)(A) is unlawful and violates the Immigration and Nationality Act and his due process rights under the Fifth Amendment to the United States Constitution.  Petitioner claims that his detention is instead governed by 8 U.S.C. § 1226(a) and, as such, that he is entitled to a bond hearing or, in the alternative, release from custody.

Before the Court is the Report and Recommendation [Doc. No. 17] (R&R) of United States Magistrate Judge Suzanne Mitchell.  The Magistrate Judge recommends granting, in part, the Petition, finding that Petitioner's detention is governed by § 1226(a) and, accordingly, that Petitioner is entitled to a prompt bond hearing before an Immigration Judge.  The Magistrate Judge further recommends that, at the bond hearing, the government must prove by clear and convincing evidence that Petitioner is either a flight risk or a

danger to the community and that Petitioner should be released if he does not receive a lawful bond hearing within the proscribed time period.[1]

Respondents have filed an Objection [Doc. No. 19]. Respondents object to the Magistrate Judge's conclusion that 8 U.S.C. § 1226(a) governs Petitioner's detention, but acknowledge this Court's ruling in *Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435 (W.D. Okla. Jan. 20, 2026) where the Court determined that 8 U.S.C. § 1226(a) applies to individuals detained under circumstances similar to Petitioner. *Id*. at 1, n. 1. The Court adheres to its statutory analysis in *Cortes*.

Respondents further object to the Magistrate Judge's recommendation that the government should bear the burden of proof at a bond hearing, *see* Obj. at 14-15, an issue this Court, to date, has not squarely addressed. Respondents argue that "[t]he R&R cites no binding authority for the burden shift." *Id*. at 14. But Respondents, too, provide scant authority or analysis in support of their position, devoting only a paragraph to the issue.

Accordingly, the Court finds supplemental briefing is warranted. The issue is one of significant recurrence and import in similarly situated cases throughout the country. Although many district courts have weighed in on the issue, no circuit courts of appeal have addressed the issue in the context raised.

---

[1] Petitioner also brings claims relating to violations of the Fourth Amendment and the retroactivity doctrine. Neither party objected to the Magistrate Judge's recommendation that the Court need not address these claims.

2

IT IS THEREFORE ORDERED that the parties[2] shall concurrently file briefs addressing the issue to include which party bears the burden of proof and the level of proof required of that party.[3]  To the extent the Petitioner's status at the time of his redetention bears on the issue, the parties shall address that status as well.[4]

The parties' briefs are due on or before June 10, 2026.  No response or reply briefs shall be filed unless the Court orders otherwise.

IT IS SO ORDERED this 1st day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Although Petitioner has recently submitted pro se filings, *see* Doc. nos. 20, 21, he is represented by counsel in this action and his counsel has not sought leave to withdraw.  Accordingly, the Court expects Petitioner's counsel to submit the supplemental briefing on Petitioner's behalf as directed.

[3] *Compare Requejo Roman v. Castro*, 816 F. Supp.3d 1267, 1282-84 (D.N.M. 2026) (finding detainee's detention was governed by § 1226(a); due process required bond hearing at which the government bears the burden of proving the petitioner is not a flight risk or a danger to the community by clear and convincing evidence, and analyzing issue under the framework established by *Mathews v. Eldridge*, 424 U.S. 319 (1976)) *with Guevara Garcia v. Bondi*, No. 1:26-cv-01012-SKC, 2026 WL 835766 at *3-4 (D. Colo. Mar. 26, 2026) (reaching similar conclusion but finding that the burden of proof on the government should mirror that under the Bail Reform Act and thus the government must prove risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence).

[4] The Court notes that here, the record establishes that in 2024, Petitioner had previously been released on an Order of Release on Recognizance, "[i]n accordance with Section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226][.]"  *See* Doc. No. 15-4.