**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROMAN GUZMAN MORALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-587-SLP |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Roman Guzman Morales, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 17] (R&R) of United States Magistrate Judge Suzanne Mitchell.[1] The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 19]. On June 1, 2026, the Court directed the parties to submit supplemental briefs addressing the issue of which party bears the burden of proof and the level of proof required of the party at a bond hearing. *See generally* Order [Doc. 22]. The parties have each submitted their respective supplemental briefs, *see* Resp. Supp. Brief [Doc. No. 23]; Pet. Supp. Brief [Doc. No. 24] and the matter is at issue. For the reasons that follow, the Court GRANTS, in part, the Petition.

Petitioner, a citizen of Mexico, entered the United States on or about December 14, 2004, without inspection. In January of 2024, Petitioner was detained by U.S. Immigration

---

[1] Also before the Court is Petitioner's Unopposed Motion to Strike [Doc. No. 26]. Upon review, the Court GRANTS the Motion. Petitioner's Motion for Expedited Consideration [Doc. No. 20] and Motion for Extension of Time to File Supplemental Brief [Doc. No. 25] are STRICKEN.

and Customs Enforcement (ICE) authorities during a traffic stop. Petitioner was placed into removal proceedings and subsequently released on an Order of Recognizance on February 1, 2024.

Petitioner was re-detained by ICE on or around December 5, 2025. Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A). When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On March 24, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution. Petitioner also brings claims relating to violations of the Fourth Amendment and the retroactivity doctrine. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period. Additionally, the Magistrate Judge recommended that the Court should order the government bear the burden at the bond hearing to prove by clear and convincing evidence that he is either a flight risk or a danger to the community to justify his continued detention. Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's Fourth Amendment and retroactivity doctrine claims.

2

First, Respondents object and argue that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A). The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Magistrate Judge's findings are consistent with this Court's previous determination that § 1226(a) governs the detention of similarly situated immigration detainees. *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026). The Court's previous determination is in accord with the Tenth Circuit's recent decision, based on indistinguishable material facts. *See Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir. June 30, 2026) (mandate pending) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[2] The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing on the basis of his statutory claim.

Respondents also object to the R&R's conclusion that the government should bear the burden of proof at a bond hearing. The Court ordered supplemental briefing from the parties to address such issue. *See* Order [Doc. No. 22]. Upon further review of the record, the basis upon which the Magistrate Judge found burden shifting to be appropriate is

---

[2] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

unclear.  *See* R&R [Doc. No. 17] at 8-9.  Having considered the parties' briefing and the lack of any binding authority addressing the issue, the Court declines to address it, particularly in the context of this case where the Court is limiting the relief granted to Petitioner's statutory claim.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 7th day of July, 2026.

_____
SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges concerns noted by Petitioner regarding the adequacy of bond hearings upon remand to an immigration court.  *See* Pet.'s Supp. Brief [Doc. No. 24] at 14 (citing cases). Respondents should be mindful that a failure to adequately comply with this Court's Order may warrant the granting of further relief to Petitioner.  *See, e.g.*, Order, *Claudio Molina-Avila v. Blanche*, No. CIV-26-0478-HE (W.D. Okla. May 12, 2026), ECF No. 27 (finding immediate release warranted where immigration judge did not comply with Court's order directing bond hearing under § 1226).